Sherwood v. Kerfoot.

9   553<br>60   351

Henry M. Sherwood

v.

Samuel H. Kerfoot et al.

Sale by broker—Commission.—The evidence fails to establish the claim of appellees. that they introduced appellant to the property and were instrumental in making the sale ; but on the contrary the testimony goes to

show that appellant by his own efforts procured a purchaser, and is entitled to the commissions on the sale.

APPEAL from the Superior Court of Cook county ; the Hon. JOHN A. JAMESON, Judge, presiding. Opinion filed January 4, 1882.

John J. Mattocks, Edward G. Mason and Alfred B. Mason, filed their bill of interpleader in the Superior Court, making Sherwood and the Kerfoots defendants. Complainants, as agents of one Pepper, had sold certain real estate in Chicago to John O. Adams, for $25,000 in cash. The commissions on the sale were $625, of which one-half was admitted by the complainants to be due to the broker by whom the sale was effected. Complainants alleged that they did not know whether the half commissions were due to Sherwood or to the Kerfoots, and prayed that the defendants be required to interplead, and that Sherwood be enjoined from prosecuting a suit at law, which he had commenced against complainants to recover the half commissions. The money in dispute, $312.-50, was paid into court, and a decree was entered that the defendants interplead. Sherwood and the Kerfoots filed their respective answers, which were to be taken as such interpleading.

The answer of Sherwood set up, in substance, that Mattocks & Mason, as the agents of Pepper, were to, and did receive, a commission of 2½ per cent. on the sale of the property; that they agreed with him that if he would find a purchaser at $25,000, he should have one-half the commissions; that with the assistance of one Mallony, who acted for and on his behalf, he found and introduced to Mattocks & Mason a purchaser, John O. Adams, to whom a sale was made for $25,000 in cash; that the Kerfoots had nothing to do with the sale, and never had any communication or negotiation with Adams in regard to it.

The Kerfoots in their answer allege that in July, 1880, complainants employed them to sell the property, agreeing to divide commissions if a sale was made by them or through their agency; that they put their board on the property, advertised

it for sale, and conferred with applicants; that in September, 1880, Sherwood applied to them on behalf of a client of his, to purchase, asked the price, and upon being informed, declined to buy, saying he would find something else for his principal; that they disclosed to Sherwood the names of their principals, Mattocks & Mason, supposing he was acting for himself, or as agent for some purchaser; that Sherwood did not intimate he would expect to be paid for his services, if a sale was made on the negotiations then pending. That afterwards Sherwood, in order to secure for himself the commissions, and to deprive the Kerfoots of their's, made use of the information obtained from them, opened negotiations with Mattocks & Mason, which resulted in the sale of the property. They claim, that having as the agents of Mattocks & Mason, introduced Sherwood to the property, and given him full information in respect to it, and he having in pursuance thereof opened negotiations in behalf of his principal for the purchase of the property, they alone are entitled to the commissions.

Upon the final hearing, the court decreed that the Kerfoots were entitled to the money, and that Sherwood was not.

Messrs. Beam & Cooke, for appellant; cited Kerfoot v. Hyman, 52 Ill. 512; Cushman v. Glover, 11 Ill. 600.

Mr. Frank J. Crawford, for appellees.

Wilson, P. J.  We have read with care the entire evidence as preserved in the record, and are impressed with the conviction that the decree is inequitable, and is not warranted by the proofs.  As the case must be sent back for a new trial, we shall not go into an analysis of the evidence, but will state briefly the grounds on which we base our conclusions.

There is no dispute as to some of the main facts in the case. It is not claimed that Kerfoot & Co. had the exclusive right to sell the property in question.  They had the right to look for a purchaser, and in case they found one, a right to commissions.  It is not claimed that they found a purchaser, for they did not hear of Adams until after the purchase was consummated.  On the other hand, it is not disputed that Sher-

wood, or Maloney, who was acting for him, found and intro-
duced Adams to Mattocks & Mason, and that Sherwood, Ma-
lony and Adams, were present in the office of Mattocks &
Mason when the papers were made out, and the sale concluded.
But it is claimed by Kerfoot & Co. that they introduced
Sherwood to the property, and that they were thus instrumen-
tal in finding a purchaser. This claim is not sustained by the
proofs.

In December, 1879, more than six months prior to Kerfoot's
connection with the property, Sherwood applied to the man-
aging clerk of Mattocks & Mason, who had it in charge, and
with whom he made an arrangement to act as broker, in find-
ing a purchaser, and from thenceforward he was on the look-
out for a purchaser. The testimony on that subject is uncon-
tradicted. It is true, that in September afterwards he had
some negotiations with Kerfoot & Co. in relation to a sale of
the property; but this was under a misapprehension as to
their relation to it, he having been led to suppose the property
had been taken out of the hands of Mattocks & Mason, and
placed in the hands of Kerfoot & Co. Upon learning his mis-
take, and that Mattocks & Mason were still the agents, he re-
sumed his efforts to find a purchaser, under his original author-
ity from them, and finally found such purchaser in Adams.

We think it apparent, therefore, that the claim of Kerfoot &
Co., that they introduced Sherwood to this property, or that he
found a purchaser through information received from them, is
groundless. It follows, that having neither themselves found
a purchaser, nor been instrumental in finding one through
another, they have no just claim to the commissions.

As to the right of Sherwood to the commissions, while the
evidence is not very full, we are of opinion that it is sufficient
to entitle him to them. That he made the sale is not denied,
and that he made it irrespective of his connection with, or in-
formation derived from Kerfoot & Co., we think is clear.
Aside from his own testimony in reference to commissions,
Mr. Mason, to whom Walter Mattocks referred Sherwood for
information as to terms, etc., testified in substance, in reply to
questions put to him by the court, that the contract was to

share commissions with Kerfoot & Co. if they made the sale, and with Sherwood if he made the sale.

This testimony came from a disinterested party, and was not attempted to be contradicted. As Mr. Mason was the only person to determine the matter of commissions, and as he concluded a sale with a purchaser presented to him by Sherwood, we fail to perceive any valid reason why Sherwood is not entitled to the commissions.

The decree of the court below is reversed and the cause remanded.

Reversed and remanded.