## Nathan Neufeld v. Asa Oren.

1. BROKER—*When not Entitled to Commissions.*—If a broker, employed to procure a customer, sends to his principal one with whom, without the broker's knowledge, the principal is already negotiating, and the principal, in ignorance that the broker and customer have had any communication, deals with the customer, and the broker's acts have had no influence in effecting the trade made, the broker is not entitled to commissions, for he can not fairly be said to have been "the procuring cause."

**Assumpsit,** for broker's commissions. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed October 31, 1895.

HARVEY M. HARPER, attorney for appellant; DOOLITTLE, TOLMAN & POLLASKY, of counsel.

ANDREW JOHNSON, attorney for appellee; DALTON & DWYER, of counsel.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is a suit by a broker for commissions.

The evidence on the part of the appellant tended to prove that under an employment by the appellee, the appellant,

as a broker, aided in the negotiation of a trade between the appellee and one Spindler. The evidence on the part of the appellee tended to prove that while he did write to the appellant, yet he never had any interview with, or communication from him, and that he had long been in negotiation with Spindler, and when he made the trade, had no knowledge that the appellant had seen Spindler.

The question on this record, made by the instructions, is : If a broker, employed to procure a customer, sends to his principal one with whom, without the broker's knowledge, the principal is already negotiating, and the principal, in ignorance that the broker and customer have had any communication, deals with the customer, and the broker's acts have had no influence in effecting the trade made, is the broker entitled to commissions ? We think not. He can not fairly be said to have been " the procuring cause." 2 Am. and Eng. Ency. Law, 582; Sherwood v. Kerfoot, 9 Ill. App. 553; Sievers v. Griffin, 14 Ill. App. 63.

The judgment is affirmed.